```
                                    ___ FILED      ___ ENTERED
                                    ___ LODGED     ___ RECEIVED

                                         FEB 15 2024
                                              AT SEATTLE
                                         CLERK U.S. DISTRICT COURT
                                       WESTERN DISTRICT OF WASHINGTON
                                       BY                      DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DION JAMAR COOPER, <br><br> Defendant. | NO. CR23-074 RSM <br><br> **PLEA AGREEMENT** |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and DION JAMAR COOPER and his attorney Assistant Federal Public Defender Sara Brin, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

Plea Agreement - 1
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  a. *False Statement in Connection with the Acquisition of Firearms*, as charged in Counts 2 and 3, in violation of Title 18, United States Code, Section 922(a)(6).

  b. *Straw Purchasing of Firearms*, as charged in Count 4, in violation of Title 18, United States Code, Section 932(b)(1).

  c. *Trafficking in Firearms*, as charged in Count 5, in violation of Title 18, United States Code, Section 933(a)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

  a. The elements of *False Statement in Connection with the Acquisition of Firearms*, as charged in Counts 2 and 3, are as follows:

First, Defendant knowingly and willfully made false or fictitious written statements;

Second, the statements were made in connection with the acquisition of a firearm from a federally licensed firearms dealer; and

Third, the statements were intended or likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of such firearm.

  b. The elements of *Straw Purchasing of Firearms*, as charged in Count 4, are as follows:

First, Defendant knowingly purchased firearms for, on behalf of, or at the request or demand of another person;

Second, Defendant knew or had reasonable cause to believe that such other person was prohibited from possessing firearms under federal law; i.e., had been

Plea Agreement - 2
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

convicted of a crime punishable by a term of imprisonment exceeding one year; and

Third, the purchase of firearms was in or otherwise affecting interstate or foreign commerce.

c. The elements of *Trafficking in Firearms*, as charged in Count 5, are as follows:

First, Defendant knowingly transferred firearms to another person;

Second, Defendant knew or had reasonable cause to believe that the possession of firearms by such other person would constitute a felony offense; i.e., Unlawful Possession of Firearms by a convicted felon; and

Third, the transfer of firearms was in or otherwise affecting interstate or foreign commerce.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of *False Statement in Connection with the Acquisition of Firearms*, as charged in Counts 2 and 3: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

b. For the offense of *Straw Purchasing of Firearms*, as charged in Count 4: A maximum term of imprisonment of up to 15 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Plea Agreement - 3
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   c. For the offense of *Trafficking in Firearms*, as charged in Count 5: A maximum term of imprisonment of up to 15 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

Plea Agreement - 4
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

  a. The right to plead not guilty and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of Defendant's peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 5
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 6
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

During early 2023, investigators identified Dion Jamar Cooper as a "straw purchaser" of numerous firearms. Several of the firearms he had purchased were recovered from crime scenes in possession of other persons close-in-time to Cooper's purchase of the firearms.

Investigators began conducting physical surveillance of Cooper during his purchases of firearms. During March and April 2023, investigators observed co-defendant De'Ondre Phillips driving Cooper to various Federal Firearm Licensee (FFL) gun stores. Phillips waited in his vehicle as Cooper entered the gun stores and purchased firearms.

During these transactions, Cooper made false written statements on the ATF Form 4473's related to the firearm purchases. Among other questions, the ATF Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearm(s) listed on the form." The ATF Form 4473 further states in Box 21, Section a.: "**Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**" Cooper falsely answered this question by checking the box affirming "yes," indicating he was purchasing the firearms for himself. In fact, he was purchasing the firearms for Phillips and/or other persons.

On April 12, 2023, investigators conducted physical surveillance on Phillips and Cooper. Phillips drove his Tahoe from his residence to Cooper's apartment. Cooper entered the Tahoe and they drove to the Rehv Arms FFL. Cooper went inside of the store alone and eventually returned to the Tahoe. According to Rehv Arms records, Cooper purchased the following firearms at the store that day:

- Heckler & Koch, Model P2000SK .40 caliber handgun with SN 122-000326;
- Taurus, Model G3 9mm caliber handgun with serial number ADG486677;
- Glock 17 9mm caliber handgun with serial number KZS916;
- Girsan, Model MC P35, 9mm caliber handgun with SN T6368-22EU005584;
- Tisas M1911 .45 ACP caliber handgun with serial number T0620-22Z01842;
- Springfield Armory Model XD40 .40 S&W caliber handgun, SN XD300481;
- Glock 21 .45 ACP caliber handgun with serial number BYWC267.

Plea Agreement - 7
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Phillips then drove Cooper to Ben's Loans FFL. Cooper again entered the store alone and left with three firearms in boxes that he loaded inside of the Tahoe. According to Bens Loans records, Cooper purchased the following firearms at the store that day:

- Glock 17 9mm caliber handgun with serial number AHPK009;
- Glock 17 9mm caliber handgun with serial number 00108GEN1; and
- Glock 23 .40 S&W caliber handgun with serial number UXU051.

Phillips then drove with Cooper to Phillips' garage unit at the Mariposa Apartments in Federal Way. Phillips entered the garage unit while Cooper stayed in the car. Phillips then drove to a bus stop and dropped Cooper off. Agent arrested Cooper shortly thereafter.

During a post-arrest interview, Cooper admitted that he was a straw purchaser of firearms for Phillips and other persons. Cooper admitted that he had been buying firearms for Phillips and other persons and that he lied on the ATF Form 4473's by claiming he was purchasing the guns for himself.

Law enforcement officers executed search warrants on Phillips' Tahoe, apartment, and garage storage unit. In total, officers recovered 23 firearms from Phillips' property. Of those, 13 had been purchased by Cooper, including the ten Cooper purchased at the Rehv Arms and Bens Loans FFLs earlier that day.

At the time of the offenses charged in the Indictment, Cooper knew that Phillips was prohibited from possessing firearms because he has been convicted of felony offenses punishable by imprisonment for a term exceeding one year.

Cooper acknowledges that his straw purchasing and firearms trafficking offenses were in and affecting interstate and foreign commerce because all of the involved firearms had travelled in interstate and/or foreign commerce.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

//

Plea Agreement - 8
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 14, pursuant to USSG § 2K2.1(a)(6)(C), because Defendant is convicted under Title 18, United States Code, Section 922(a)(6).

    b. A four-level upward adjustment pursuant to USSG § 2K2.1(b)(1)(B), because the offense involved between eight and 24 firearms.

    c. A five-level upward adjustment pursuant to USSG § 2K2.1(b)(5)(C)(i)(III), because Defendant transferred two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a sentence no greater than within the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Defendant is free to recommend any sentence. Defendant

Plea Agreement - 9
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

understands that these recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband. This provision applies to all firearms and ammunition that were involved in the offenses charged in the Indictment, including the firearms seized on April 12, 2023, as listed in the Forfeiture Allegations in the Indictment in subparagraphs 1(a) through 1(j), 8(a) through 8(f), and 9(a) through 9(c).

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss Counts 1 and 6 of the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 10
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a

Plea Agreement - 11
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 12
United States v. Cooper, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

18. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 15th day of February, 2024.

DION JAMAR COOPER
Defendant

SARA BRIN
Assistant Federal Public Defender
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 13
*United States v. Cooper*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970