UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DION J. COOPER,<br><br>Defendant. | Case No. CR23-074RSM<br><br>ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT |

This matter comes before the Court on Defendant Cooper's "Motion to Find Government in Breach and for Specific Performance of Plea Agreement," Dkt. #62. Mr. Cooper moves for the Court to find the Government violated his plea agreement in this case by "repeatedly presenting evidence that would support a Guideline range higher than the parties' agreement, by emphasizing inflammatory facts untethered to the section 3553(a) factors, and by using uncommonly heated rhetoric." *Id*. at 4. Mr. Cooper asks the Court to order the Government to file an amended sentencing memorandum without these perceived breaches and to have this case transferred to another district judge. *Id*. at 8. The government opposes this Motion. Dkt. #67. The Court has reviewed this briefing and Defendant's Reply brief.

On February 15, 2024, Mr. Cooper and the Government entered into a plea agreement. Dkt. #46. Mr. Cooper agreed to enter a plea of guilty to two counts of False Statement in

ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT - 1

Connection with the Acquisition of Firearms, one count of Straw Purchasing, and one count of Trafficking in Firearms. *Id*. at 1–2. The parties agreed on a base offense level of 14, pursuant to USSG § 2K2.l(a)(6)(C); a four-level upward adjustment pursuant to USSG § 2K2.l(b)(l)(B), because the offense involved between eight and 24 firearms; and a five-level upward adjustment pursuant to USSG § 2K2.l(b)(5)(C)(i)(III). *Id*. at 9. The government agreed "to recommend a sentence no greater than within the Sentencing Guidelines range as calculated by the Court at the time of sentencing." *Id*.

The Government filed its sentencing memorandum on October 24, 2024. Dkt. #54. Defense counsel reached out to the Government indicating that this memorandum breached the plea agreement, and the Government filed an amended memorandum to accommodate "some of the defense concerns." Dkt. #56 at 1.

The government breaches a plea agreement if it "implicitly argu[es] for a sentence greater than the terms of the plea agreement specified that the prosecution would recommend." *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012). "In cases involving an implicit breach claim . . . courts must look first to the plain language of the plea agreement." *United States v. Farias-Contreras*, 104 F.4th 22, 30 (9th Cir. 2024). "As long as the agreement does not expressly prohibit the government from responding to a defendant's request for a sentence lower than what is recommended by the government, the government has the latitude to respond." *Id*. at 30-31. The "default rule" is that "the government can respond even if the plea agreement is silent on the issue." *Id*. at 31. The government's response "must be tethered to its obligations under the plea agreement," and when the prosecutor "argues against mitigation [] the government must comply with the letter and spirit of the agreement." *Id*. In other words,

ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT - 2

"the government's arguments must be made in good faith and advance the objectives of the plea agreement." *Id*.

Evaluating an implicit breach claim is "a fact-specific inquiry based on contract principles." *Id*. The district court "should look at the totality of the circumstances and consider, *inter alia*, the sequencing, severity, and purpose of the statements." *Id*.

"Most important in interpreting the terms of a plea agreement entered by a criminal defendant is the perspective of the defendant, not that of the government." *Id*. at 32. In construing an agreement, the court must determine "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *Id.* (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)) (emphasis omitted).

"An implicit breach of the plea agreement occurs if, for example, the government agrees to recommend a sentence at the low end of the applicable Guidelines range, but then makes inflammatory comments about the defendant's past offenses that do not 'provide the district judge with any new information or correct factual inaccuracies.'" *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (quoting *Whitney*, 673 F.3d at 971).

Here, Defendant Cooper argues that the Government's sentencing memorandum goes too far with inflammatory facts and heated rhetoric, relying heavily on *Farias-Contreras, supra*. Specifically, he states that although "the parties' agreement states that the Guideline range should be calculated based on 'between 8 and 24 guns,'" the Government calls Defendant "the largest known straw purchaser of firearms in the history of the Western District of Washington" based on "a whopping 133 firearms." *Id*. 4–5. Defendant details how the Government leans into how the guns were used as "crime guns." *Id*. at 5–6. Defendant accuses the Government of "speak[ing] with a forked tongue," because the Government "provided no

ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT - 3

support for its 41-month sentencing recommendation, instead using the entirety of its memorandum to provide information and argument that would merit a far greater sentence." *Id*. at 7.

The Court finds that this case is not entirely analogous to *Farias-Contreras*. There, the Government agreed to recommend a sentence within the *low* end of the guideline range. 104 F.4th at 28. Here, the Government agreed to recommend a sentence anywhere within the guidelines range. The Government here has more latitude. The Government has cited to facts included in the Presentencing Report, which *Farias-Contreras* stated was permissible and not a *per se* breach. 104 F.4th at 31. Defendant cannot simply label these facts as "inflammatory" to get around that holding. The Government has also cited to facts in co-defendant Phillips' plea agreement and Presentence Report, information already before the Court. Defendant fails to point to case law prohibiting this practice. The Government's references to the number of guns implicated in these prior filings before the Court and comparisons with other sentencing decisions are related to the § 3553(a) factors, including the nature and circumstances of Cooper's offense, the seriousness of his criminal conduct, and the need for adequate deterrence.

As for the Government's tone, the Court does not find it to be impermissibly heated under the standards set forth by the Ninth Circuit. The Government largely lets the facts speak for themselves, with the occasional adjective like "astounding" or "whopping" used to refer to the number of guns at issue.

The Court agrees with the Government's efforts to distinguish the situation here with that in *Farias-Contreras* by pointing out that Mr. Cooper is seeking a probationary sentence and that he must have known the Government would reference the facts in the Presentence

ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT - 4

Report and elsewhere in the record in order to justify a sentence in excess of probation. *See* Dkt. #67 at 7.[1]

Given all of the above, the Court concludes that Defendant's requested relief is unwarranted. Accordingly, having considered the briefing and the remainder of the record, the Court FINDS and ORDERS that Defendant's Motion, Dkt. #62, is DENIED.

DATED this 3rd day of December, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Government also points out that Defendant's memorandum uses "heated rhetoric" by accusing the Government of engaging in a "failed" strategy to curb gun violence by "[c]riminalizing young Black men and removing them from their families." Dkt. #67 at 4 (citing Dkt. #55 at 1–2).

ORDER DENYING MOTION TO FIND GOVERNMENT IN BREACH OF PLEA AGREEMENT - 5